UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARY BROWN,

       Plaintiff,                     CIVIL ACTION NO. 08-11194

       v.                               DISTRICT JUDGE DAVID M. LAWSON

AT&T INTEGRATED DISABILITY     MAGISTRATE JUDGE VIRGINIA MORGAN
SERVICE CENTER, DEB PATTERSON,
APPEAL SPECIALIST,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This matter is before the court on defendant's Motion for Entry of Judgment (D/E 16) and plaintiff's Response to the Motion for Judgment (D/E 17). The plaintiff brought this case under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 502(a) (2000). For the reasons discussed herein, the court recommends that defendant's motion be granted and the administrator's decision be upheld.

### II. Background

    **A. Plaintiff's Employment and Medical Condition**

Plaintiff was employed at Ameritech Publishing as a Staff Associate, a position classified as "clerical." (Docket No. 8, Administrative Record, hereinafter, "AR", p. 217) After being

- 1 -

involved in a car accident, the plaintiff experienced periodic back pain for some time. Plaintiff was first absent from work on February 2, 2007, to June 25, 2007, because of this pain. (AR p. 354) On February 7, 2007, an MRI revealed a herniated disk in the L5-S1 disk space. Plaintiff began physical therapy and was seen for six outpatient appointments in February and March of 2007. (AR p. 139) From February 9, 2007, to May 20, 2007, the plaintiff received disability benefits under the Ameritech Sickness and Accident Disability Benefit Plan (SADBP). (AR p. 396) Plaintiff did not receive benefits from May 21, 2007 to June 25, 2007. The Plan Administrator denied her benefits for that period because the medical documentation received from Dr. Barnett did not "objectively support your inability to perform your sedentary job." (AR p. 486-487) Plaintiff filed an appeal, which was denied on Nov. 19, 2007. (AR p. 229-230) Plaintiff retired on January 1, 2008. (Def. Br. 2) Subsequently, Plaintiff filed this lawsuit to recover benefits for the period from May 21, 2007, to June 25, 2007.

**1. Determination by AT & T as to Plaintiff's Benefits**

As a result of her employment, she was insured under the Ameritech Sickness and Accident Disability Plan. She worked as a "Staff Associate." The description of her physical requirements included moving material weighing up to approximately 50-75 pounds, standing for long periods of time, sitting for long periods of time, and distinguishing color differences. (AR p. 217)

On May 9, 2007, the defendant notified plaintiff by letter that she had been approved to receive wage replacement benefits for the period of February 9, 2007 to May 20, 2007. (AR p. 396) She was further informed in the same letter that if by that time she had not recovered

sufficiently to return to work, updated medical documentation would need to be provided by May 15, 2007, and the possibility of continued benefits would be considered based on that information. On April 17, 2007, Dr. Barnett submitted a letter stating that Rosemary Brown could not work from February 1, 2007, to May 15, 2007, but that she could resume her full work schedule of May 16, 2007. (AR p. 323) On June 29, 2007, defendant denied plaintiff's request for payment from May 21, 2007, to June 25, 2007, because the further documentation provided by plaintiff, plaintiff's doctor, Dr. Barnett and physical therapy notes did not support plaintiff's inability to perform her occupation as Staff Associate, as there was no clear physical examination and no definite neurologic deficit noted in that documentation. (AR p. 486) Plaintiff submitted additional information from Dr. Barnett on July 13, 2007, but was informed on July 18, 2007, that this documentation did not alter the denial and that she needed to submit a written appeal to the Quality Review Unit. (AR p. 528)

Plaintiff filed an appeal, which was received by defendant on October 2, 2007. (AR p. 202) Her claim was sent to a physician advisor on October 16, 2007. (AR p. 216) On November 9, 2007, plaintiff was informed that the examination of her medical information by Dr. J. Parker Mickle, a neurosurgeon and Saad M. Al-Shathir, a specialist in physical medicine and rehabilitation, revealed no findings that would support that plaintiff was unable to return to her position between May 21, 2007, and June 24, 2007. (AR p. 229-230) Dr. Mickle found that her neurological exam was normal with normal motor function, sensory testing, and reflexes, and while the MRI did reveal a herniated disk that was appropriate to her complaints, her EMG and nerve conductions did not support the presence of a radicular component to her pain syndrome.

(AR p. 220) Dr. Mickle found that, based on the information presented to him, the plaintiff was not disabled from her job from May 21, 2007, to June 24, 2007. Al-Shathir found that there were no findings in the medical record that would impact her ability to function, and there was no documented neurological deficit or significant loss of function. (AR p. 223) The decision of the Quality Review Unit, and therefore the final decision under the Plan, was to deny plaintiff benefits for the time period between May 21, 2007, and June 24, 2007. (AR p. 230) This action followed.

In its motion, defendant argues that the correct standard of review in this case is the arbitrary and capricious standard, since the disability plan in question grants the plan administrator discretionary authority to determine eligibility for benefits and, in this case, the discontinuation of benefits was neither arbitrary nor capricious. (D/E 16) In her response, the plaintiff argues that the defendant was in error in denying her additional benefits and failed to adequately consider additional medical documentation she submitted in support of her continued disability. (D/E 17) For the reasons discussed in this Report, it is recommended that the defendant's motion be granted, the plaintiff's motion be denied, and the decision of the plan administrator upheld.

## II. Legal Standards

### A. ERISA

Congress enacted ERISA to protect the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts.

Aetna Health, Inc. v. Davilia, 542 U.S. 200, 208 (2004), quoting 29 U.S.C. § 1001(b) (2000). When a person or entity breaches fiduciary obligations under ERISA, a civil action may be brought by a participant under ERISA § 502(a)(1)(B) to recover benefits due him, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits.

A claim involving an Employee Benefit Plan brought under the civil enforcement provisions of ERISA is considered as arising under federal law. The courts have been directed to develop substantive federal common law as necessary to interpret ERISA and fashion remedies to effectuate the policies underlying ERISA. 29 U.S.C. § 1132(a); Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109-110 (1989). ERISA generally preempts all state laws that relate to Employee Benefit Plans. 29 U.S.C. § 1144(a).

With one exception, federal district courts have exclusive jurisdiction over civil actions brought under ERISA, including claims alleging breach of fiduciary duty, claims requesting equitable relief, other than benefit claims and claims involving statutory penalties under ERISA. 29 U.S.C. § 1132(e)(1). The exception applies to civil actions brought under 29 U.S.C. § 1132(a)(1)(B) to recover benefits under the terms of the Plan, enforce rights under the terms of the Plan, or clarify the participant's rights to future benefits under the Plan. When the exception applies, federal and state courts have concurrent jurisdiction. 29 U.S.C. § 1132(e)(1). The amount in controversy or the citizenship or the parties is irrelevant. 29 U.S.C. § 1132(f). While ERISA governs the Employee Benefit Plan in general, whether a claimant is entitled to disability benefits is determined by the language set forth in the individual Plan.

### 1. Standard of Review

The United States Supreme Court held in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115. Where the benefit plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan, the highly deferential arbitrary and capricious standard of review is appropriate. Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 381 (6th Cir. 1996). Thus, a reviewing court should first examine the Plan to determine whether defendant is a Plan administrator or fiduciary, and whether the required discretion has been given. Federal common laws of contract interpretation apply to ERISA Plans and those rules dictate that this Court interpret the Plan's provisions according to their plain meaning and in their ordinary and popular sense. Perez v. Aetna Life Ins. Co., 150 F.3d 550, 556 (6th Cir. 1998).

In this case, the defendant is the Plan administrator and has sole discretion to construe the terms of the policy and determine benefit eligibility under the Plan. The company is the Plan Administrator and the Sponsor of the Plan as defined in ERISA, and the company shall appoint the Committee which will have administrative responsibilities. (AR p. 19) The Plan states, in relevant part in section 6.2(f) (AR p. 20):

> The Committee has full discretionary authority to interpret the
> terms of the Plan and to determine eligibility for and entitlement to
> Plan benefits in accordance with Plan terms. The Committee shall

> determine conclusively for all parties all questions arising in the administration for the Plan and any decision of the Committee shall not be subject to further review.

Thus, the administrator's decision is subject to the arbitrary and capricious standard of review. See, <u>Yeager</u>, <u>supra</u>.

### III. Analysis

Plaintiff claims that her benefits were terminated before she was able to perform her job duties, and that the Plan Administrator's decision to terminate her benefits was not reasonable or fair. She argues that additional documentation produced by Dr. Barnett and Dr. Hoover showed that she had not recovered enough from her illness to return to work on May 21, 2007. Further, she claims that the doctors retained by the defendant, Dr. Mickle and Dr. al-Shathir had never examined her, and their opinion was at odds with those of her personal doctors.

The documentation provided by plaintiff's doctor's supports AT & T's determination that plaintiff was able to return to work on May 20, 2007. In records from Dr. Barnett on April 17, 2007, he indicates that she could resume her full work schedule as of May 15, 2007. (AR p. 323) On May 21, 2007, her physical therapist stated plaintiff's progress in therapy was "good." (AR p. 142) Dr. Hoover, plaintiff's neurologist, said in a letter of June 12, 2007 that she had "continued to improve," was "in no obvious distress," no longer had "any real radicular pain with straight leg raising on the right," and that "the worst of the pain has diminished and she describes now only some aching in the right leg." (AR p. 196.) Despite plaintiff's claims that the additional evidence that she produced was not sufficiently considered, the evidence discussed above shows that AT & T did not terminate her benefits arbitrarily and capriciously.

The opinions of Dr. Mickle and Dr. al-Shathir also provide support for AT & T's determination that plaintiff was able to return to work. The reports of these physicians did not come to any radically different conclusions than her treating physicians and they found that there was no reason she would have been unable to return to work. Dr. Mickle found, on examining the medical record, that her "EMG and nerve conductions were normal, not supporting the presence of a radicular component to her pain syndrome." (AR p. 220) Dr. al-Shathir found that "the reported complaints should be resolved by 5/21/07 after 105 days of rest and therapy since there are no significant clinical findings or a disease that required definitive treatment." (AR p. 223) AT & T considered these conclusions, as well as the evidence submitted from plaintiff's physicians that confirmed that by May 20, 2007 she had less pain and was improving. Thus, the determination to terminate benefits was neither arbitrary nor capricious.

## V. Conclusion

Accordingly, it is recommended that the defendant's motion be granted, that of the plaintiff denied, and the administrator's determination be upheld.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated:  August 20, 2008

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 20, 2008.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan